IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| ALTURO PASCO, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| VS. | : | CIVIL ACTION NO. 1:06-CV-81 (WLS) |
| | : | |
| CHRIS HATCHER, *et al.*, | : | |
| | : | **PROCEEDINGS UNDER 42 U.S.C. §1983** |
| Defendants. | : | **BEFORE THE U. S. MAGISTRATE JUDGE** |
| | : | |
| _____: | | **ORDER TO SHOW CAUSE** |

Plaintiff **ALTURO PASCO**, an inmate at Washington State Prison in Davisboro, Georgia has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983.  He also seeks  leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a).

In an Order dated June 1, 2006, the Court granted his application to proceed *in forma pauperis*.  In this same Order, the Court ordered plaintiff to pay an initial partial filing fee of $9.40. Plaintiff was given until July 3, 2006 to pay the $9.40.  The Court has not yet received the initial partial filing fee.

In ***Wilson v. Sargent***, 313 F.3d 1315 (11th Cir. 2002),  the Eleventh Circuit Court of Appeals held that before dismissing a plaintiff's §1983 complaint for failure to pay an initial partial filing fee, the court must inquire into the reason for the plaintiff's failure to pay.  The court explained that "once the prisoner fails to pay the court-ordered initial partial filing fee, the district court must take reasonable steps to determine whether the prisoner complied with the order by authorizing payment by prison officials." ***Id***. at 1321 (citing ***Hatchet v. Nettles***, 201 F.3d 651 (5th Cir. 2000)).

Therefore, **WITHIN TWENTY (20) DAYS** from the date of receipt of this Order, plaintiff

shall **SHOW CAUSE** to the Court, if any he has, why his lawsuit should not be dismissed for failure to pay the initial partial filing fee of $9.40.  Plaintiff is ordered to show what steps he took to comply with the Court's June 1, 2006 Order; such as submitting proof that he "executed a consent form or otherwise authorized the prison officials to remit his . . . fee when the funds became available."  ***Id***.

If plaintiff fails to respond, his lawsuit will be subject to immediate dismissal.  In the meantime, there shall be **NO SERVICE** of process upon any defendant.

       **SO ORDERED**,  this 7th day of JULY, 2006.


             ***/s/ Richard L. Hodge***
             RICHARD L. HODGE
             UNITED STATES MAGISTRATE JUDGE


lnb