IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| ALTURO PASCO, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | 1:06-CV-81 (WLS) |
| | : | |
| CHRIS HATCHER, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

**ORDER**

Before the Court is a Report and Recommendation from United States Magistrate Judge Richard L Hodge filed January 6, 2009. (Doc. 20). It is recommended that Plaintiff's Complaint be **DISMISSED without prejudice** pursuant to Fed. R. Civ. P. 4(m) for failure to complete service upon defendant. Plaintiff submitted two letters, on March 5, 2009 and March 9, 2009, addressed to chambers of the undersigned, instead of docketing an objection to the Recommendation.[1] For the following reasons, Plaintiff's objections set forth in his letters are **OVERRULED** and United States Magistrate Judge Hodge's Report and Recommendation (Doc. 20) is **ACCEPTED, ADOPTED** and made the Order of this Court. Accordingly, Plaintiff's Complaint is **DISMISSED** without prejudice.

On December 5, 2008, Judge Hodge issued an Order to Show Cause Pursuant to Federal Rule of Civil Procedure 4(m). (Doc. 19). Judge Hodge noted in the show cause order that Plaintiff filed his complaint May 31, 2006. (Doc. 2). Judge Hodge found that on July 27, 2006, service by mail was attempted on Defendant at the address provided by Plaintiff, at the

---

[1] To the extent that Plaintiff's letters serve as objections to the Report and Recommendation filed by Judge Hodge, they are obviously untimely. Plaintiff had until January 26, 2009 to submit objections to Judge Hodge's recommendation.

1

Dougherty County Jail. Judge Hodge noted that the service package was returned bearing a notation to the effect that Defendant was not employed at the jail. Accordingly, Judge Hodge noted that two and one-half years elapsed after Plaintiff filed the case, but service had not been completed. Thus, Judge Hodge found that absent a showing of good cause by December 23, 2008, a recommendation of dismissal would ensue.

On January 6, 2009, Judge Hodge filed a Report and Recommendation which recommended dismissal of Plaintiff's complaint pursuant to Fed. R. Civ. P. 4(m). (Doc. 20). Judge Hodge noted that Rule 4(m) requires dismissal without prejudice if a defendant has not been served within 120 days of filing of the complaint upon notice to the plaintiff. In the Recommendation, Judge Hodge found that Plaintiff had not responded to the Show Cause Order (Doc. 19), nor was the order returned as undeliverable, giving a presumption of receipt. Thus, Judge Hodge recommended that Plaintiff's complaint be dismissed without prejudice pursuant to Rule 4(m).

On January 7, 2009, Plaintiff purported to respond to the show cause Order.[2] (Doc. 21). Plaintiff asserted that as an incarcerated inmate serving a life sentence, he was [and remains] unable to find Defendant's home address, and thus, counsel should be appointed to assist Plaintiff in locating Defendant.[3] Further, Plaintiff noted that a dismissal of his complaint without prejudice would foreclose his legal action, since the statute of limitations would run. Thus, Plaintiff requested that the Court appoint counsel and not dismiss his Complaint.

In Plaintiff's March 5, 2009 letter to the Court, Plaintiff asserts that he timely responded to the show cause order and, thus, Judge Hodge's recommendation of dismissal was improper.

---

[2] Plaintiff's response to the show cause order is plainly untimely. Application of the prisoner mailbox rule required Plaintiff to respond to the show cause order no later than December 30, 2008.

[3] Plaintiff's Motion to Appoint Counsel (Doc. 13) was denied. (Doc. 16). Plaintiff's Motion for Reconsideration of the Denial of Appointment of Counsel (Doc. 17) was also denied. (Doc. 18).

2

Plaintiff also asserted that he responded "to all orders and/or recommendations." Further, Plaintiff stated that he attempted service on Defendant on July 26, 2006 by mail at the Dougherty County Jail, but it was returned August 2, 2006, with the aforementioned notation that Defendant was no longer employed at the jail. Plaintiff averred that he needed counsel to locate and serve Defendant, and that his motions to appoint counsel should have been granted. Plaintiff asserted that he met the exceptional circumstance to justify appointment of counsel and that dismissal without prejudice would effectively bar his claims, due to the statute of limitations. Plaintiff's March 9, 2009 letter reiterated his contentions: that he sought to locate Defendant; his ability to locate Defendant is severely curtailed due to incarceration; and, therefore, counsel should be appointed to represent him.

Notwithstanding Plaintiff's desire to resurrect his motion to appoint counsel couched in his non-docketed objections, this Court finds no grounds to do so. Further, Plaintiff's belated response to the show cause order appropriately resulted in Judge Hodge's recommendation of dismissal of his complaint. Additionally, although dismissal of Plaintiff's complaint without prejudice might foreclose his claim due to the statute of limitations (the court makes no findings in that regard), this Court finds no basis to allow additional time for Plaintiff to attempt to serve Defendant. Further, as Judge Hodge noted in the order to show cause, the Court is well aware that Plaintiff filed his lawsuit in May 2006, though the events which give rise to his lawsuit allegedly occurred on August 24, 2004. This Court is also well aware, via the electronic court filing system, of the twelve legal actions Plaintiff filed in the Middle District of Georgia between March 2003 and January 2007, none of which resulted in a favorable outcome for Plaintiff.[4] Three of Plaintiff's lawsuits were *sua sponte* dismissed as frivolous pursuant to the Prison Litigation Reform Act. Plaintiff has demonstrated a marked ability to prosecute civil actions.

---

[4] Aside from the instant action, two cases (1:06-cv-68 and 5:06-cv-189) remain pending.

3

Further, Plaintiff's choice to file the instant action towards the end of the two year limitations period, was his prerogative.[5] Lastly, Plaintiff's *pro se* status does not relieve him of the other normal costs of litigation, including investigative costs.

Upon full review and consideration of the record, the Court finds that said Report and Recommendation (Doc. 20) should be, and hereby is, **ACCEPTED, ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein, together with the findings made and reasons stated herein. Accordingly, Plaintiff's Complaint (Doc. 2) is hereby **DISMISSED**.

**SO ORDERED**, this   26th   day of August, 2009.

　　　　　　　　　　　　　　　　　　　　　　/s/W. Louis Sands
　　　　　　　　　　　　　　　　　　　　**THE HONORABLE W. LOUIS SANDS,**
　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT COURT**

---

[5] The Court notes that Plaintiff filed three other civil actions in the Middle District of Georgia in the intervening time period between the facts giving rise to his complaint and the date he filed his Complaint.

4